IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE. LTD. d/b/a BUNKERFUELS §§§ Plaintiff, §§ V. §§ M/V MANDARIN GLORY, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* §§§§ Defendant. § | | C.A. No. _____ IN ADMIRALTY, Rule 9(h) |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

Plaintiff, World Fuel Services (Singapore) Pte. Ltd. d/b/a Bunkerfuels ("WFS"), by its attorneys Chaffe McCall, L.L.P., as and for its Verified Original Complaint against the M/V MANDARIN GLORY, *in rem*, alleges as follows upon information and belief:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the meaning of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of the Republic of Singapore, with its principal place of business located at 238A Thomson Road #17 – 03 Novena Square Tower A, Singapore 307684.

3. At all material times, Defendant M/V MANDARIN GLORY (the "Vessel") was and is an ocean-going bulk carrier (IMO No. 9433547), owned by Glory Marine Pte. Ltd.  Upon

2415599-1

information and belief, Glory Marine Pte. Ltd. is a company organized and existing under the laws of the Republic of Singapore.

## VENUE & JURISDICTION

4. The Court has *in rem* jurisdiction over the Vessel because the Vessel is now or will be during the pendency of this action within this District and Division at dock 15, Port of Brownsville.

5. The Court has subject matter over this action pursuant to 28 U.S.C. § 1333.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

7. Plaintiff WFS is a supplier of fuel oil to ships and other vessels.

8. On or about December 9, 2011, at the request of representative(s) authorized to bind the Vessel, Plaintiff WFS supplied the Vessel with 850 metric tons of 380CST/RMG380(05) and 30 metric tons of MGO/DMA(05) (the "Fuel"), as well as barging services associated with the delivery of the Fuel (the "Barging Services") at the Port of Huang Po (WHAMPOA), Guangzhou, People's Republic of China. Copies of the relevant Bunker Confirmation, Bunker Delivery Receipts, and Invoice are attached hereto respectively as Exhibits "A", "B", "C", and "D", and are fully incorporated by reference.

9. Plaintiff issued its invoice dated December 16, 2011, in respect of the Fuel and Barging Services (the "Invoice"). A copy of the Invoice is attached hereto as Exhibit "D" and is fully incorporated by reference.

10. The purchase price for the Fuel and Barging Services was $672,700.00. The Bunker Confirmations and Invoice specifically incorporate and are subject to The World Fuel

Services Marine Group of Companies General Terms and Conditions (the "General Terms and Conditions"), which are attached hereto as Exhibit "E" and are fully incorporated by reference.

11. As of the date of filing this Complaint, no part of the outstanding amount due under the Invoice has been paid although duly demanded.

12. The non-payment for the Fuel and Barging Services constitutes a breach of the terms by which Plaintiff furnished the Fuel and Barging Services to the Vessel.

13. Plaintiff's Invoice provides that interest will accrue on all unpaid balances at the rate of two percent (2%) per month, and such interest began to accrue on January 9, 2012. See Exhibit "D"; *see also*, Exhibit "E", Paragraph 7(c). As of the date of this Complaint, the amount of interest currently due to Plaintiff totals $508,112.73. *See* Plaintiff's February 14, 2015, Statement of Account, attached hereto as Exhibit "F."

14. Further, pursuant to Paragraph 7(c) of the General Terms and Conditions, as the Invoice is more than fifteen (15) days past due, Plaintiff is entitled to an additional five percent (5%) administrative fee (the "Administrative Fee"). As of the date of this Complaint, the Administrative Fee currently due to Plaintiff totals $33,635.00. *See* Exhibit "F."

15. Plaintiff's General Terms and Conditions which govern all bunker supply contracts it enters, including the subject contract herein, provide that this dispute is governed by the Maritime Law of the United States, and disputes over payment and collection may be resolved in the courts of any jurisdiction where the Vessel may be found. *See* Exhibit "E", Paragraph 17.

16. By virtue of Plaintiff's furnishing of "necessaries" to the Vessel within the meaning of the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq.*, Plaintiff has a maritime lien against the Vessel for the full amount of its claim.

17. Under the Federal Maritime Law and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff is entitled to arrest the Vessel to enforce its maritime lien.

18. All conditions precedent have been performed.

19. All and singular, the premises of this Verified Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Plaintiff prays:

a. That Plaintiff have judgment hereon in the amount of $1,214,447.73, representing the total principal owed, the accrued interest to date, and the Administrative Fee to date, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees and costs; and

b. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V MANDARIN GLORY, her engines, boilers, tackle, etc., placing the Vessel under the arrest, custody and control of the Marshal of this District;

c. That the Defendant M/V MANDARIN GLORY, her engines, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorney's fees and costs, and *custodia legis* costs due Plaintiff as alleged herein;

d. Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for

whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the Vessel.

e.	That Plaintiff may have such other, further and different relief as the Court deems just and proper.

                                         Respectfully submitted,

 /s/ Kevin P. Walters
Dimitri P. Georgantas
Attorney-in-Charge
Texas State Bar No. 07805100
Federal I.D. No. 2805
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
Eugene W. Barr
Texas State Bar No. 24059425
Federal I.D. No. 1144784
801 Travis Street, Suite 1910
Houston, Texas 77002
(713) 546-9800 Telephone
(713) 546-9806 Facsimile

ATTORNEYS FOR PLAINTIFF,
WORLD FUEL SERVICES (SINGAPORE)
PTE. LTD. d/b/a BUNKERFUELS

OF COUNSEL:
CHAFFE McCALL, L.L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE. LTD. d/b/a BUNKERFUELS<br><br>Plaintiff,<br><br>V.<br><br>M/V MANDARIN GLORY, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*<br><br>Defendant. | § § § § § § § § § § § § § § | C.A. No. _____<br>IN ADMIRALTY, Rule 9(h) |

STATE OF TEXAS      §
                   §
COUNTY OF HARRIS   §

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared Kevin P. Walters, who being duly sworn, deposed and stated as follows:

"I am an attorney for Plaintiff, World Fuel Services (Singapore) Pte. Ltd. d/b/a Bunkerfuels, in connection with the referenced matter. I have read the foregoing Verified Original Complaint and know the contents thereof and that the same are true and correct to the best of my knowledge, information and belief, based upon documentation and information provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have an officer or director within this District."

_____
Kevin P. Walters

SUBSCRIBED AND SWORN to before me on February 12, 2015.


SYLVIA L. COOPER
MY COMMISSION EXPIRES
January 4, 2016

_____
Notary Public, State of Texas

2415600-1