IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 2 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE. LTD. d/b/a BUNKERFUELS<br>Plaintiff, | § § § § | |
| v. | § § | Civil Action No. B: 15-22 |
| F/V MANDARIN GLORY, *in rem*,<br>Defendant. | § § § | |

### ORDER

Pending before the Court is the "Plaintiff's Motion For Order to Seize" filed by Plaintiff World Fuel Services (Singapore) Pte. Ltd. ("World Fuel"), seeking the arrest of the M/V Mandarin Glory (hereinafter "Mandarin Glory"), bearing IMO No. 9433547. Dkt. No. 3. Having considered the complaint and all supporting papers, an action for in rem appears to exist, so an arrest warrant should be issued in this case.

The complaint is filed by World Fuel regarding the failure of the owners of Mandarin Glory to pay for fuel provided on December 9, 2011. Dkt. No. 1, p. 2. An outstanding balance of $1,214,447.73 remains against Mandarin Glory. Dkt. No. 1-6.

An in rem action may be brought against a vessel "to enforce any maritime lien." Fed. R. Civ. P. Supplemental Rule C(1). "[A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" has a maritime lien on the vessel. 46 U.S.C. § 31342. Necessaries are any goods or services that "are useful to the vessel, keep her out of danger, and enable her to perform her particular function." Equilease Corp. v. M/V Sampson, 793 F.2d 598, 1986 AMC 1826 (5th Cir.1986) (en banc). Fuel is considered a necessary. Ferromet Resources, Inc. v. Chemoil Corp., 5 F.3d 902, 904 (5th Cir. 1993).

If the elements of an in rem action appear to exist, "the Court must issue an arrest warrant directing the clerk to issue a warrant for the arrest of the vessel." FED. R. CIV. P. Supplemental Rule C(3)(a)(1).

The Court hereby **ORDERS** that the United States District Clerk for the Southern District of Texas issue a Writ of Seizure against the M/V Mandarin Glory, bearing IMO No. 9433547, directing the United States Marshal Service to attach the vessel on behalf of World Fuel Services (Singapore) Pte. Ltd., provided that World Fuel Services (Singapore) Pte. Ltd. complies with the rules and procedures of the United States Marshal Service.

It is also **ORDERED** that at the sole risk and expense of M/V Mandarin Glory and its interests, normal cargo operations may continue aboard the vessel and the vessel may shift and move freely within the Port of Brownsville, during the course of the seizure.

It is further **ORDERED** that the M/V Mandarin Glory may be released from seizure without the necessity of further order from this Court, provided that the United States Marshal Service receives written authorization from the attorney(s) representing World Fuel Services (Singapore) Pte. Ltd. stating that he or she has conferred with all of the attorneys representing parties to the litigation, including any interveners, and all parties consent to the release. If this occurs, the parties shall inform the Court of the resolution.

DONE at Brownsville, Texas, on February 12, 2015.

Andrew S. Hanen
United States District Judge